IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANTWAN CREIGHTON, No. 1247783, Plaintiff pro se, | : : : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | : : | |
| OFFICE OF THE PUBLIC DEFENDER, Defendant. | : : : | CIVIL ACTION NO. 1:13-CV-2800-WSD-WEJ |

# **FINAL REPORT AND RECOMMENDATION**

Proceeding pro se, Antwan Creighton mailed to this Court a letter stating that he "wish[es] to start a class action law suit against the Office of the Public Defender; Atlanta Judicial Circuit." (Letter [1] 1). Although Mr. Creighton asserts that he can state on behalf of himself and ten other inmates that the Office of the Public Defender "commits on a constant basis intentional torts : negligent torts : and constitutional torts," he does not identify any of those torts or supporting facts. (Id.) Mr. Creighton also requests this Court's advice with respect to a legal question regarding arrest warrants. (Id. at 2-3.) Mr. Creighton did not pay a case initiation fee or seek permission to proceed in forma pauperis ("IFP"). For the following reasons, the undersigned **RECOMMENDS** that this case be **ADMINISTRATIVELY CLOSED**.

First, a prisoner proceeding pro se may not represent other prisoners in a class action lawsuit; he may only represent himself.  See 28 U.S.C. § 1654; Bass v. Benton, 408 F. App'x 298, 298 (11th Cir. 2011) (per curiam) (citing Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008) (per curiam)).

Second, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981).  Consequently, public defenders are not generally subject to civil rights suits under 42 U.S.C. § 1983.

For the foregoing reasons, Mr. Creighton does not appear to be able to state any claims upon which relief may be granted, and this does not appear to be a case in which a more carefully drafted complaint might correct that deficiency.  Accordingly, the undersigned **RECOMMENDS** that this case be **ADMINISTRATIVELY CLOSED**.

Nonetheless, in the event the Mr. Creighton believes that he can state actionable claims on behalf of himself, the Clerk is **DIRECTED** to send him one copy of this Court's form § 1983 Complaint and one copy of this Court's form IFP Affidavit.

Mr. Creighton is advised that if he files a § 1983 complaint, he will be required either to pay the $400 case initiation fee (= $350 case filing fee + $50 administrative

2

fee) at the time of filing or, if found eligible to proceed IFP, required to pay the $350 case filing fee in installments as funds are deposited into his inmate account. See 28 U.S.C. § 1915(b)(1).

Mr. Creighton is further advised that he should seek answers to his legal question elsewhere. See generally Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); McKaskle v. Wiggins, 465 U.S. 168, 183-84 (1984) (explaining that "the Constitution [does not] require judges to take over chores for a *pro se* [litigant] that would normally be attended to by trained counsel as a matter of course" ).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned Magistrate Judge.

**SO RECOMMENDED**, this 24th day of September, 2013.

_/s/ Walter E. Johnson_
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

3

AO 72A
(Rev.8/82)