IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTWAN CREIGHTON,

    **Plaintiff,**

v.            1:13-cv-2800-WSD

OFFICE OF THE PUBLIC
DEFENDER,

    **Defendant.**

## OPINION AND ORDER

  This matter is before the Court on Magistrate Judge Walter E. Johnson's Final Report and Recommendation ("R&R") [2], on Plaintiff Antwan Creighton's Complaint [1].

**I. BACKGROUND**[1]

  On August 21, 2013, Plaintiff Antwan Creighton ("Plaintiff"), proceeding *pro se*, submitted a letter to the Court, stating that he wishes to initiate a class

---

[1] The facts are taken from the R&R and the record. The parties have not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (noting that "[b]ecause [Plaintiff-Appellant] did not file specific objections to *factual findings* by the magistrate judge, there was no requirement that the district court *de novo* review those findings" (emphasis in original).

action lawsuit against the Office of the Public Defender in Atlanta, Georgia. Plaintiff is an inmate at the Fulton County Jail, and he contends that he can assemble a class of at least ten other inmates against whom the Office of the Public Defender committed various torts. Plaintiff does not state particular torts, and he does not state any facts in support of his claims. Plaintiff also asks the Court's advice on a question of law.[2] Plaintiff did not pay a case initiation fee, and he did not seek permission to proceed *in forma pauperis* ("IFP").

Magistrate Judge Walter E. Johnson conducted a frivolity review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, and on September 24, 2013, issued his R&R. The Magistrate Judge recommended that this action be administratively closed, because Plaintiff did not state any claims on which relief can be granted. The Magistrate Judge also directed the Clerk of Court to send Plaintiff the Court's standard § 1983 complaint form, along with instructions for paying filing fees or filing IFP. Plaintiff did not object to the R&R.

---

[2] The Magistrate Judge correctly noted that the Court is not obligated to answer Plaintiff's question of law. Accordingly, the Court declines to address Plaintiff's question in this Order. See Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants.")

2

**II.   DISCUSSION**

   A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59; Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal quotation marks omitted).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).  Plaintiff did not object to the findings and recommendations in the R&R, and the Court reviews them for plain error.

B.     Analysis

The Magistrate Judge determined that an inmate cannot represent a class of other inmates in a class action.  The Magistrate Judge further determined that public defenders, performing a lawyer's function as defense counsel, are not subject to civil rights suits under 42 U.S.C. § 1983.  The Magistrate Judge recommended that this action be administratively closed, and the Court finds no plain error in the Magistrate Judge's findings or reasoning.  The Court, however, modifies the Magistrate Judge's recommendation, and dismisses this action, because Plaintiff cannot represent others and otherwise has not stated a basis for any viable claim.  See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008) ("[Section 1654] appears to provide a personal right that does not extend to the representation of the interests of others."); 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia, subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."); Polk Cnty. v. Dodson, 454 U.S.

312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.")

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** Magistrate Judge Walter E. Johnson's Final Report and Recommendation [2] is **ADOPTED AS MODIFIED**, and this action is **DISMISSED**.

**SO ORDERED** this 25th day of April, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE